UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUE THE VOTE, INC., *et al.* <br> Defendants, <br><br> and CAIN & ASSOCIATES, LLC <br> Petitioner, <br><br> v. <br><br> KONNECH, INC. <br><br> Plaintiff. | § § § § § § § § § § § § § § § | Misc. Case No. 23-770 <br><br> Underlying Litigation: <br><br> KONNECH, INC. v. <br> TRUE THE VOTE, INC., *et al.* <br><br> Civil Action No. <br> 4:22-cv-03096 |

## DEFENDANTS' and PETITIONER'S JOINT OPPOSED MOTION TO QUASH OR MODIFY PLAINTIFF KONNECH's THIRD PARTY SUBPOENA ISSUED TO CAIN & ASSOCIATES, LLC and FOR PROTECTIVE ORDER

True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips, Defendants in the Underlying Litigation who are directly implicated by the subpoena that Plaintiff Konnech, Inc. served on Cain & Associates, Inc. ("Petitioner"), along with Petitioner, file this Joint Opposed[1] Motion to Quash or Modify Plaintiff Konnech's Third Party Subpoena Issued to Cain & Associates, a third party to the Underlying Litigation (also, the "Lawsuit") pending in U.S. District Court for the Southern District of Texas, Houston Division and show the court as follows:

### CONFERENCE INCONCLUSIVE

Despite Defendants' best efforts, the Petitioner and parties to this litigation were unable to resolve their disputes related to the third-party subpoena without Court intervention. Petitioner's counsel has been out of the country since about March 3, 2023. Defendants' counsel has limited

---

[1] Defendants' counsel attempted to confer with Plaintiff's counsel on the subject of this motion, including by outlining their requests for specific modifications of the subpoena in an email, but Plaintiff's counsel was unavailable to do so prior to the due date of the instant motion. Defendants therefore indicate that their motion is opposed, but they will supplement the motion in the event Plaintiff agrees to compromise on matters raised herein.

authorization to act on behalf of Petitioner, but because Defendants' counsel still has insufficient knowledge regarding what information responsive to the subpoena Cain may possess, the conference that took place on March 16, 2023 with Plaintiff's counsel was not able to reach conclusions on numerous issues and Defendants' counsel is unable to commit Petitioners to a particular resolution of them.

## JURISDICTION AND VENUE

Petitioner is a corporation based in Hedgesville, West Virginia. Plaintiff's subpoena demands that Petitioner produce documents at Harris Investigations, LLC located in Cumberland, Maryland. (*See* Exhibit A). FRCP 45(3)(A) requires a motion to quash to be filed where compliance is directed.

## INTRODUCTION

On September 12, 2022, Plaintiff filed a complaint in the Southern District of Texas, Houston Division, against Defendants, for defamation connected to an alleged violation of the Computer Fraud and Abuse Act (CFAA). Plaintiff also filed an *ex parte* TRO and, later, a preliminary injunction, that, among other things, compelled Defendants to disclose discovery information prior to discovery. The TRO and preliminary injunction were granted, and Plaintiff has now filed two motions for contempt seeking information it believes was not provided. The court that initially presided over the matter granted Defendants' motion for its recusal.

The subpoena, served on Petitioner on March 1, 2023, commands Petitioner to produce documents by March 20, 2023. Pertinent here, Fed. R. Civ. P. 45(d)(3)(A) provides the Court "must quash" a subpoena, if that subpoena:

    (i)    fails to allow a reasonable time to comply;
    (ii)   requires disclosure of privileged or other protected matter;
    (iii)  subjects a person to undue burden.

*See Enviropak Corp. v. Zenfinity Capital, LLC*, 2014 WL 4715384 at *3 (E.D. Missouri); *CSS, Inc. v. Herrington*, 354 F.Supp.3d 702 (N.D.Tex. 2017).

Konnech's subpoena fails on all counts. Konnech served the Cain & Associates Subpoena on Haury on March 1, demanding at least 53 (and potentially over 200 inclusive of subparts) burdensome, duplicative, overbroad, and irrelevant categories of documents, many of which explicitly demanded confidential information from a law enforcement client of Petitioner. Konnech demanded the production of the requested documents by March 20, 2023, which would provide Petitioner, a non-party to the Underlying Litigation, only 19 days to comply. Only later, on March 8, did Konnech serve Defendants with subpoena, giving Defendants even less time to protect their interests.[2]

Federal Rule of Civil Procedure (FRCP) 45(d)(1) states, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." A significant part of not filing unduly burdensome, irrelevant, costly, or overbroad subpoena requests consists in extending the common courtesy of conferring with the subpoenaed party first. Konnech made no effort to do so. Nor did Konnech confer with Defendants. Instead, Konnech treated Petitioner like an actively engaged party subject to bottomless discovery demands.

---

[2] Fed. R. Civ. P. 45(a)(4) requires that a notice of the subpoena be served on each party to the Lawsuit before the subpoena is served on a Petitioner. "'Prior notice' of a nonparty subpoena for production or inspection is notice prior to service"– here, March 1, 2023 – "not notice prior to the return date." *Biocore Medical Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660 (D. Kan. 1998). Indeed, "Rule 45 requires that *before* serving a subpoena on a nonparty, counsel must serve a notice and copy of the subpoena on the opposing party." *U.S. Equal Emp. Opportunity Comm'n v. Bojangles' Restaurants, Inc.*, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017) (emphasis in original).

## ARGUMENT

### I. The Subpoena's Requests for Production are Unduly Burdensome and Costly

Several of Konnech's Requests for Production of Documents are compound and burdensome. *See, e.g.,* Requests for Production Nos. 4, 5, and 6. **RFP 4** constitutes **at least 7 requests**, and **as many as 21** (requesting documents between Petitioner and any of *3* Defendants concerning *7* separate subjects: "[1] The Pit, [2] Konnech, [3] Eugene Yu, [4] Konnech Computer, [5] Konnech Data, [6] Poll Worker Data and/or [7] this Lawsuit").

*RFP 5* constitutes **at least 7 requests**, and **as many as 21**. It requests agreements between Haury and at least 3 entities ("[1] Los Angeles County, [2] Los Angeles District Attorney's Office, [3] or any other government entity" on 7 different subjects ("[1] The Pit, [2] Konnech, [3] Eugene Yu, [4] Konnech Computer, [5] Konnech Data, [6] Poll Worker Data and/or [7] this Lawsuit").

*RFP 6* generally and broadly seeks "all communications" on *seven* (7) subjects between Petitioner and at least 21 different parties, for 147 requests – though subparts a, h, o, r, and s constitute even more requests, regarding an *unlimited* number of entities. The inappropriate burdensomeness and overbreadth of RFP 6 are best viewed in full:

<u>REQUEST FOR PRODUCTION 6:</u>

All communications between You and the following, concerning or relating to [Defendants' event] The Pit, Konnech, Eugene Yu, Konnech Computer, Konnech Data, Poll Worker Data and/or this Lawsuit:

(a) Any of the [3] Defendants;
(b) Los Angeles County;
(c) Los Angeles District Attorney's Office;
(d) Andrew Stevens;
(e) Marc Beaart;
(f) Eric Neff;
(g) Grant Bradley;
(h) Any current or former Konnech employee;
(i) Mike Hasson;
(j) OPSEC Group, LLC;

(k) Allegheny County;
(l) Fairfax County;
(m) Dekalb County;
(n) Johnson County;
(o) The FBI, or *any other government agency*, or any agent working for the FBI, or any other government agency;
(p) Harry Haury;
(q) Nate Cain;
(r) *Any other government entity*; and
(s) *Any other person.*

(Emphases added).

Thus, Konnech is actually making, depending on one's count, from 53 to well over 200 categories of document requests[3], many of them duplicative of demands Konnech has already made on Defendants, but Konnech is making them on a small non-party LLC with no financial or other interest in Konnech's Lawsuit, whose attorney is unavailable, with ostensibly merely 19 days for Petitioner12 3 actual parties get to respond to discovery. Such an approach is unduly burdensome and fails to provide reasonable time to respond—or appropriately object, confer, and resolve without this Court's intervention.

## II. The Subpoena Improperly Demands Many Documents of a Non-party that Konnech Has Already Demanded of Defendants

In February 2023, Konnech served Defendants with 95 requests for production. Now, Konnech seeks to demand much of the same information from non-party Petitioner. Parties, especially plaintiffs who create their own lawsuits, must exhaust reasonable alternatives to unduly burdening non-parties, including by seeking documents first from other *parties*. *See Langford v.*

---

[3] RFPs 1, 2, 3, 7, 8, and 10-20 = 16 categories of document requests.
RFP 4 amounts to between 7 to 21 categories.
RFP 5 ranges from 7 to 21 categories.
RFP 9 is at least 1 very burdensome request.
RFP 6 amounts to at least 19 categories of documents, but on 7 subjects, for a range of 19 to 133.

Thus, Plaintiff has made at least 53 requests and arguably (16+21+21+1+154) or 213 requests. The unknown number of persons implicated in RFP 9 and RFP 6 subparts a, h, o, u, and v increase the number further.

*Alegent Health*, 2010 WL 2732876 (D. Neb. 2010) (quashing subpoena as unduly burdensome when opposing party was in possession of sought documents and plaintiff could not show it had exhausted its production efforts); *Xcaliber Int'l Ltd., LLC. v. Ieyoub*, 2006 WL 3412265 (D.C.La. 2006) (request directed to the nonparty was unduly burdensome where same information was obtainable from a party to the case). On the basis of both FRCP 26(b) and 45(d), courts have found it "practical in certain situations to require the subpoenaing party to make an attempt to obtain information from a party first." *Id.* citing *Ingersoll v. Farmland Foods, Inc.,* 2011 WL 1131129 at *8 (W.D.Mo. March 28, 2011) (internal citations omitted).

A court "must limit the frequency or extent of discovery otherwise allowed by [the rules] if it determines ... the discovery sought is unreasonably cumulative or duplicative." *Enviropak*, 2014 WL 4715384 at *4. In *Progressive Emu, Inc. v. Nutrition and Fitness, Inc.*, 785 Fed. Appx.622, 627-28 (11th Cir. 2019) (unpublished), the court found burdensome a demand for "any and all documents" that "refer to, relate to, or evidence" only 10 categories of documents, with one request "having multiple subparts," especially where the moving party had, as Konnech does here, "adequate opportunity to discover the demanded documents through the normal discovery process".

The table below illustrates the overlap in Konnech's fishing expeditions against both Defendants and Petitioner: indeed, it's clear Konnech simply cut-and-paste from the Requests for Production it served on Defendants (*see* Exhibit B) to burden this non-party Petitioner with the same requests for information it seeks from Defendants:

| Konnech's Discovery Demands on **Defendants** | Konnech's Subpoena Demands on *Petitioner* |
|---|---|
| 1 All video, audio and/or transcripts, and photographs of The Pit. | 1 All video, audio, and/or transcripts, and photographs of the Pit. |
| 51 Any and all demonstratives, speeches, presentations, including PowerPoint | 2 Any, and all demonstratives, speeches, presentations, including PowerPoint |

| | |
|---|---|
| presentations and outlines of presentations, including drafts of same, concerning The Pit. | presentations and outlines of presentations, including drafts of the same, concerning the Pit. |
| 52 Any and all Documents and Communications concerning or relating to The Pit. | 3 Any and all Documents and Communications concerning or relating to the Pit. |
| 34 Any and all Communications between You and any of the following concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit. | 6 All communications between You and the following, concerning or relating to The Pit, Konnech, Eugene Yu, Konnech Computer, Konnech Data, Poll Worker Data and/or this Lawsuit |
| 28 All Documents and Communications reflecting any default and/or backend username and/or password for accessing any Konnech Computer and/or Konnech Data. | 8 All Documents and Communications reflecting any default and/or backend username and/or password for accessing any Konnech Computer and/or Konnech data. |
| 29 All Documents and Communications reflecting all users of any Konnech Computer. | 9 All Documents and Communications reflecting all users of any Konnech Computer. |
| 30 All Documents and Communications reflecting any and all Konnech employee or staff credentials used to access any Konnech Computer and/or Konnech Data. | 10 All Documents and Communications reflecting any and all Konnech employee or staff credentials used to access any Konnech Computer and/or Konnech Data. |
| 18 Any and all video and/or pictures of Konnech's offices, Eugene Yu's home, Eugene Yu and any current or former employee of Konnech. | 17 Any and all video, audio, photographs, or other media recorded at Konnech's offices or Eugene Yu's home. |

Moreover, in its discovery requests to Defendants, Konnech has already demanded duplicate information on six of the very same individuals and entities.[4] The above subpoena requests – RFPs 1-3, 6, 8-10, and 17 – should be quashed as unnecessarily duplicative.

### III. Plaintiff Cannot Show the Relevance of RFPs 9, 18, and 19 to a Significant Issue in the Case

"Rule 45(c)(3) requires courts to quash a subpoena that 'subjects a person to undue burden' (45(c)(3)(A)(iv)). This ground encompasses situations where the subpoena seeks information irrelevant to the case." *Cook v. Howard* 484 Fed.Appx. 805, n7 (4th Cir. 2012). Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible

---

[4] Specifically, Andrew Stevens, Marc Beaart, Eric Neff, Grant Bradley, Mike Hasson, and OPSEC Group, LLC.

evidence." 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.) (Wright & Miller) (citing Rule 26(b)(1)). The party issuing the subpoena has the burden to show both likely relevance "to a significant issue in the case" and to show that "the materials at issue are not reasonably obtainable from other available sources." *New England Teamsters & Trucking Industries Pension Fund v. New York Times Co.*, 2014 WL 1567297, at *3 (S.D. N.Y. 2014) citing *Gonzales v. National Broadcasting Co., Inc.*, 194 F.3d 29, 36 (2d Cir. 1999)); *see also Jeffcoat Enterp., Inc. v. Charter Comm's, Inc.*, 2020 WL 2104732 at *2 (E.D.Mo. 2020) (*citing Cent. States, Se. & Sw. Areas Pension Fund v. King Dodge, Inc.*, 2011 WL 2784118, at *2 (E.D. Mo. July 15, 2011)).

What's more, the weaker the relevance, the greater the undue burden on the non-party and the greater the issuing party's burden to fund any costs. *See In Compaq Computer Corp. v. Packard Bell Electr., Inc.*, 163 F.R.D. 329, 335 (D.C.Cal.1995) (holding where documents sought from a nonparty were not relevant, any burden on the nonparty is by definition undue and ordering compensation to nonparty for costs of compliance); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975) (weighing relevance of documents against burden and invasion of privacy, especially to non-parties); *O'Boyle v. Sweetapple*, 2016 WL 492655, at *4 (S.D. Fla. 2016) (production of irrelevant information would result in needless and wasteful expenditures of time and money by parties); *S.E.C. v. Fuhlendorf*, 2010 WL 2159361 (W.D. Wash. 2010) (production of irrelevant documents would impose undue burden on nonparty); *Williams v. Khan*, 2018 WL 2240261 (D. Ariz. 2018) (court quashed subpoena as unduly burdensome because plaintiff could not demonstrate relevance).

Because Petitioner is not a party to this litigation, the Court should apply a higher standard of relevance to compensate the non-party for its burden, cost, and other inconvenience. *See Gilmore v. Jones*, 339 F.R.D. 111, 119–20 (W.D. Va. 2021) ("because nonparties are strangers to

the litigation who have no dog in the fight, the standard of review for a nonparty subpoena is higher than that used to assess discovery requests to litigants") (cleaned up) (citing *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019); *see also Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) ("In the context of evaluating subpoenas issued to third parties, a court will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance").

Cain & Associates assisted the Los Angeles County DA with computer forensics following the DA's seizure of Plaintiff's electronic devices on October 4, 2022. Plaintiff's subpoena attempts to litigate that matter, demanding details well outside this lawsuit, such as the relationships among the principals of Cain, an ongoing business concern with unrelated clients. *See* RFP 18 ("Any and all documents demonstrating Your affiliation with Harry Haury, including but not limited to, documents reflecting his position as acting CEO"). The subpoena is thus overly broad in demanding irrelevant details regarding Petitioner's affiliation with its acting CEO, as well as extraneous information on Petitioner's *social media accounts*, and all URLs "associated" with it, *see* RFP 19 ("All Documents and Communications reflecting all Social Media account usernames, including but not limited to burner accounts, URLs, and/or domain names claimed by, owned, and/or controlled by You"), none of which is reasonably related to Konnech's lawsuit against Defendants alleging defamation and violation of the Computer Fraud and Abuse Act (CFAA). In conference, Plaintiff's counsel stated that unknown persons were defaming Plaintiff on social media, and Plaintiff wished to know who – presumably to launch a separate litigation. But to demand that a non-party produce information that might be used against that non-party in a separate case is a quintessential fishing expedition.

Similarly, RFP 9 ("All Documents and Communications reflecting all users of any Konnech Computer") demands that Petitioner go to unreasonable lengths to work to prove Plaintiff's case in the Underlying Litigation. Although only *Defendants'* use of Plaintiff's computers is relevant to the Underlying Litigation, where Plaintiff claims that Defendants illegally accessed Konnech's computer, Plaintiff's subpoena attempts to fish for evidence of use by *all* users in the rest of the world. Konnech's utilization of a third-party subpoena for this purpose is overbroad and unduly burdensome. Moreover, because the evidence of computer use that Plaintiff seeks could only come directly from *Plaintiff's* own devices, it's all the more unreasonable to demand that *Petitioner* produce it.

### IV. Plaintiff Should Advance the Expected Costs and Pay Any Significant Costs That Arise Unexpectedly

Aside from modifying a subpoena like Plaintiff's, the only plausible alternative to quashing it is to make Plaintiff bear the burden of prosecuting its own case, particularly as against a non-party with relatively limited resources. *See* Rule 45(d)(1)(D); *The Hunte Corp. v. Martinelli*, 2010 WL 4813849 (W.D. Mo. 2010) (rather than quashing subpoena of nonparty, district court shifted expenses to plaintiff). The expense borne by the nonparty normally should not be significant, but here, Plaintiff is asking Petitioners to engage in both uncompensated production of documents, which Haury has estimated will cost $57,360, and to turn over work product valued at around $230,000. *See* Haury Affidavit ¶¶3-5 (Exhibit C). Moreover, the Court should (1) allow Petitioner time to estimate the costs of assisting Plaintiff in its Lawsuit against entities other than Petitioner, and (2) require Plaintiff to advance that amount to Petitioner, as well as (3) order Plaintiff to pay Petitioner for unexpected but significant costs that may arise. *See Rhea v. Apache Corp.*, 833 Fed. Appx. 186, 191 (10th Cir. 2020) (holding district courts should evaluate whether the expenses incurred will be significant, ideally by fixing costs in advance of production, or when that is not

feasible by directing the subpoenaing party to reimburse for any significant expenses).

Accordingly, this Court should deny production of documents until Plaintiff demonstrates how it will compensate petitioner or otherwise protect it from undue expense. *See ATLC, Limited v. Eastman Kodak Co.*, 2006 WL 3422413 (D.C.Fla.2006)(holding same); *Guy Chem. Co. v. Romaco AG*, 243 F.R.D. 310 (D.C.Ind.2007) (conditioning grant of motion to compel upon payment of costs by moving party); *Garner Const., Inc. v. Intern. Union of Operating Engineers*, 2007 WL 4287292 (W.D. Wash. 2007) (nonparty protected against significant expense). Even where a plaintiff has "meager financial resources," splitting the costs is nonetheless appropriate, because it keeps nonparties from being forced to subsidize an unreasonable share of costs of litigation, and cost shifting promotes the most efficient use of resources in the discovery process. *See Linder v. Calero- Portocarrero*, 31 F.Supp.2d 134 (D.C.D.C.1998).

Among other expenses, Plaintiff needs to have a plan to pay petitioner for the lost value of time that could have been used to further Petitioner's usual business, as well as the hourly rates of legal staff for document production. *See Compaq Computer Corp. v. Packard Bell Electron., Inc.*, 163 F.R.D. 329 (D.C.Cal.1995); *see also Wright v. Jeep Corp.*, 547 F.Supp. 871, (D.C.Mich.1982) (awarding "reasonable fee" to non-party, including a professional fee and cost of supplying documents and remuneration for inconvenience).

The quite significant costs of responding to Konnech's subpoena must be shifted to Konnech because: (1) the scope of the requests is overly broad; (2) the requests are highly invasive; (3) Petitioner will incur costs separating privileged and confidential material; (4) Petitioner has no financial interest in the Lawsuit; and (5) the relative resources of Petitioner, a small LLC, and Konnech, a multinational corporation prosecuting the Underlying Litigation, militate toward Konnech assuming the reasonable costs of its own Lawsuit. *See Tessera, Inc. v. Micron Tech.,*

*Inc.*, No. C06-80024MISC-JW(PVT), 2006 WL 733498 (N.D. Cal. Mar. 22, 2006); *In re Application of the Law Firms of McCourts & McGrigor Donald*, No. M. 19-96, 2001 WL 345233 (S.D.N.Y. Apr. 9, 2001); The Sedona Conference Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition, 22 SEDONA CONF.J.1 (2021).

### V. RFPs 5, 6(b-f), and 7-17 Seek Confidential Information Belonging to Petitioner's Clients

"Rule 45(c)(3)(B) protects subpoenaed parties from unnecessary expense in responding to a subpoena, and also from 'unnecessary or unduly harmful disclosures of confidential information.'" *Klay v. All Defendants*, 425 F.3d 977 (11th Cir. 2005) (quoting FED. R. CIV. P. 45 Advisory Committee Notes (1991 amendments)). For example, if a subpoena seeks information from a business about its customers, it may implicate the business's interest in protecting competitively sensitive information, as well as the customers' interest in protecting their privacy." *Virginia Dep't of Corr. v. Jordan,* 921 F.3d 180, 190 (4th Cir. 2019) (citing *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251-52 (6th Cir. 2018)).

Konnech's Requests for Production 5, 6(b-f), and 7-17 seek confidential client (and law enforcement) information created in the course of Petitioner's work for a client, the LA County District Attorney. At the same time, https://www.westlaw.com/Link/Document/FullText?findType=L&pubNum=1000600&cite=USFRCPR45&originatingDoc=Ib64c4ad05c9011e99403c5c1b41b53c0&refType=LQ&originationContext=document&vr=3.0&rs=cblt1.0&transitionType=DocumentItem&contextData=(sc.Search). Konnech has taken no action on the proposed Protective Order that Defendants provided it a month ago.

Konnech's RFPs also seek confidential information about *law enforcement* investigations by LA County, and the identity and work of confidential informants, that Konnech would not

otherwise be allowed to obtain through any other channels, such as in the (currently abated) criminal action against Konnech's CEO, Eugene Yu, or through a FOIA request. *See Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 64 (1st Cir. 2007); *Adionser v. Dep't of Just.*, 811 F. Supp. 2d 284, 300 (D.D.C. 2011), *aff'd in part sub nom. Adionser v. U.S. Dep't of Just.*, No. 11-5093, 2012 WL 5897172 (D.C. Cir. Nov. 5, 2012) (noting FOIA "https://www.westlaw.com/Link/Document/FullText?findType=Y&serNum=2044405232&pubNum=0000506&originatingDoc=Ib64c4ad05c9011e99403c5c1b41b53c0&refType=RP&fi=co_pp_sp_506_251&originationContext=document&vr=3.0&rs=cblt1.0&transitionType=DocumentItem&contextData=(sc.Search)". Exemption 7(E) protects from disclosure law enforcement records to the extent that their production 'would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure would reasonably be expected to risk circumvention of the law", and citing 5 U.S.C. § 552(b)(7)(E) and *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004) ("[E]ven commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness.")).

Konnech seeks information clearly subject to confidentiality, such as agreements between Petitioner and the Los Angeles District Attorney's Office, or any other government entity (RFP 5) and all documents and communications relating to the LA County DA's investigation (RFP 7-17). Konnech also seeks information that would identify or lead to the identity of confidential government informants, which information it would not otherwise be allowed to obtain. (RFP 10, 13-15). The informant's privilege allows the government to withhold the identity of individuals who provide the Government with information of violations of law. *See Roviaro v. United States*, 353 U.S. 53, 59 (1957). The purpose of the informant's privilege is the furtherance and protection of the public interest in law enforcement. *Id.* The privilege is applicable in civil as well as criminal

cases. *Dole v. Local 1942, International Brotherhood of Electric Workers, AFL–CIO*, 870 F.2d 368, 372 (7th Cir.1989). Accordingly, Cain is concerned about RFPs that seek the identity of the confidential informant, s*ee* RFPs 10, 13-15, which may be relevant to other cases Konnech is litigating, including against former employees, but which here is manifestly an attempt to exploit a non-party for a fishing expedition.

## CONCLUSION

Plaintiffs' subpoena improperly demands that a company with no stake in this litigation produce over 200 categories of documents within 20 days, with Petitioner's counsel out of country and late notice to Defendants. Further, the scope of those production demands is unreasonable, duplicative, and burdensome:

| RFP | Duplicative of Discovery Demands on Defendants | Irrelevant and thus Doubly Burdensome | Seeks Confidential Client Information | Unduly Burdensome Pure Fishing Expedition |
|---|---|---|---|---|
| 1 | X | | | |
| 2 | X | | | |
| 3 | X | | | |
| 4 | | | | |
| 5 | | | X | |
| 6 | X | | 6(b-f) | X (53-200+ requests) |
| 7 | | | X | |
| 8 | X | | X | |
| 9 | X | X | X | X (all users) |
| 10 | X | | X | X |
| 11 | | | X | |
| 12 | | | X | |
| 13 | | | X | X |
| 14 | | | X | X |
| 15 | | | X | X |
| 16 | | | | |
| 17 | X | | X | |
| 18 | | X | | |
| 19 | | X | | X |

## PRAYER

Defendants pray the Court to sustain their objections contained herein, and to quash or modify the subpoenas, give Petitioner time to respond and estimate costs, and require that Plaintiff advance sufficient costs to begin production, and pay other costs that arise unexpectedly.

Respectfully Submitted,

GREGOR | WYNNE | ARNEY, PLLC

*/s/ Michael J. Wynne* by Perm. HMM

Michael J. Wynne
Texas State Bar No. 0078529
SDTX No. 0018569
Cameron Powell
DC Bar No. 459020
909 Fannin Street, Suite 3800
Houston, Texas 77010
Telephone: (281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com

**ATTORNEYS FOR DEFENDANTS TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, AND GREGG PHILLIPS**

*C. Byrne* by Perm. HMM

Christopher A. Byrne, Esq.
Washington D.C. Bar No. 928424
DC Bar No. 459020
1050 – 30th St. NW
Washington, D.C. 20007
Telephone: (202) 487-6800
cabesq@protonmail.com

&

**ATTORNEY FOR HARRY HAURY AND CAIN ASSOCIATES, INC.**

MILES & STOCKBRIDGE P.C.
Local Counsel

*/s/ Holly Drumheller Butler*
Holly Drumheller Butler   by Perm. HMM
Federal Bar No. 025006
100 Light Street
Baltimore, Maryland 21202
Telephone: (410) 385-3829
Facsimile: (410) 385-3829
hbutler@milesstockbridge.com

## CERTIFICATE OF CONFERENCE

I hereby certify that I have communicated with lead counsel for Plaintiff and that as of this filing, we have not yet resolved the matters herein. We have reason to expect that Plaintiff is opposed to most or all the resulting instant motion and will amend this certificate immediately if that turns out not to be the case.

By: /s/ Michael J. Wynne By Perm. HMM

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel for Plaintiff and all counsel of record in accordance with the FEDERAL CIVIL RULES OF PROCEDURE this 17th day of March, 2023.

By: /s/ Michael J. Wynne By Perm. HMM