# EXHIBIT A

# KASOWITZ BENSON TORRES LLP

1415 LOUISIANA STREET, SUITE 2100
HOUSTON, TEXAS 77002
(713) 220-8800
FAX: (713) 222-0843

ATLANTA
LOS ANGELES
MIAMI
NEW YORK
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

DEAN PAMPHILIS
DIRECT DIAL: (713) 220-8852
DIRECT FAX: (713) 583-6006
DPAMPHILIS@KASOWITZ.COM

February 27, 2023

**VIA PERSONAL DELIVERY**
Cain & Associates LLC
c/o Dennis Cain, Member
391 Chesapeake Lane
Hedgesville, WV 25427

Re: *Konnech, Inc. v. True The Vote, Inc., Gregg Phillips, and Catherine Engelbrecht*, Civil Action No. 4:22-CV-03096; In The United States District Court For The Southern District Of Texas, Houston, Texas
**Subpoena**

Dear Mr. Cain:

Enclosed and served upon you, is a subpoena issued by The United States District Court for the Southern District of Texas in connection with a lawsuit brought by Konnech, Inc. against True the Vote, Inc., Gregg Phillips and Catherine Engelbrecht. The enclosed subpoena requires the production of documents set forth in Attachment A to the subpoena, on or before March 20, 2023.

Should you have any questions or concerns, please do not hesitate to contact me.

Regards,

*/s/ Constantine Z. Pamphils*
Constantine Z. Pamphilis

DZP/vle
Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Texas

| KONNECH INC. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:22-cv-03096 |
| TRUE THE VOTE, INC., et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CAIN & ASSOCIATES LLC
c/o Dennis Cain, Member, 391 Chesapeake Lane, Hedgesville, WV 25427
or Harry Haury, acting CEO, 391 Chesapeake Lane, Hedgesville, WV 25427
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A to this Subpoena.

| Place: Harris Investigations, LLC, 215 Park St., #474, Cumberland, MD 21501<br>Production by electronic transfer or mail is preferred.<br>Please notify us in advance if a courier will be needed to pick up documents. | Date and Time:<br>Monday, March 20, 2023 @ 9:00 A.M. (CST) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/27/2023

*CLERK OF COURT*

OR

_____       /s/ Constantine Z. Pamphilis
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
KONNECH INC. _____, who issues or requests this subpoena, are:
Constantine Z. Pamphilis, Kasowitz Benson Torres LLP, 1415 Louisiana Street, Suite 2100, Houston, Texas 77002
(713) 220-8852; DPamphilis@kasowitz.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:22-cv-03096

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA TO CAIN & ASSOCIATES, LLC

### I. DEFINITIONS

1. "You" or "Your," refers to Cain & Associates, LLC and all of its agents, employees, representatives and all persons and entities acting and purporting to act on its behalf.

2. "Lawsuit" means the lawsuit captioned *Konnech, Inc. v. True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht*; No. 4:22-cv-03096 in the United States District Court for the Southern District of Texas.

3. "Defendants" refers to True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht and all of their agents, employees, representatives and all persons and entities acting and purporting to act on their behalf.

4. "Nate Cain" refers to Dennis Nathan Cain, aka Nate Cain.

5. "Plaintiff" or "Konnech" refers to Konnech, Inc. and all of its agents, employees, representatives and all persons and entities acting or purporting to act on its behalf.

6. "The Pit" means the August 13, 2022 event in Arizona called "The Pit."

7. "Konnech Computer" means any electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, that is owned or otherwise controlled by Konnech.

8. "Konnech Data" means any information that is owned, possessed, or controlled by Konnech, including but not limited to any electronic information stored on, transferred through, or otherwise accessible by a Konnech Computer.

9. "Poll Worker Data" means any data or information, including but not limited to the personal identifying and/or banking information, of any poll worker, election worker, or election judge of any voting district in the United States, regardless of whether or not you believe such data or information is owned, possessed, or controlled by Konnech.

10. "FBI" means the Federal Bureau of Investigation.

11. "Social Media" refers to Truth Social, Facebook, Twitter, Instagram, LinkedIn, TikTok, Pinterest, YouTube, Reddit, Snapchat, Rumble, Substack, Tumblr, and Locals any other online interactive technologies that facilitate the creation and sharing of ideas, thoughts, information and other forms of expression through virtual networks and communities.

12. "Communication" or "Communications" means all exchanges of information, regardless of form, including, without limitation, all conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, emails (or other

similar electronic communications, text messages, instant messages, or other such transmittals of information, including but not limited to any encrypted messaging application such as Variety, Signal, Wickr, Ding Talk, Telegram or WhatsApp. The terms "Communication" and "Communications" includes internal and external communications.

13. "Electronically Stored Information" is defined broadly to give the full scope of that term as contemplated under the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes information stored in any format and on any storage media, including but not limited to: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. Electronically Stored Information also includes: word-processing documents; electronic spreadsheets; electronic presentation documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information. Electronically Stored Information further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries; records of conversations; drafts; notes; notebooks; logs; invention records and disclosures; translations; drawings; graphs; charts; photographs; sound recordings; images data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; plan drawings; mask works; engineering drawings; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

14. "Electronically Stored Information" is defined broadly to give the full scope of that term as contemplated under the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes information stored in any format and on any storage media, including but not limited to: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. Electronically Stored Information also includes: word-processing documents; electronic spreadsheets; electronic presentation documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information. Electronically Stored Information further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries; records of conversations; drafts; notes; notebooks; logs; invention records and disclosures; translations; drawings;

graphs; charts; photographs; sound recordings; images data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; plan drawings; mask works; engineering drawings; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

15. The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of these requests for production any information that might otherwise be considered to be beyond their scope.

16. "And" and "or" shall be construed either conjunctively or disjunctively as required by the context.

17. "Any" and "all" shall be construed as "any and all," and the term "each" shall be construed as "all and each."

18. The terms "relating to," "concerning," and "reflecting" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

19. The term "including" shall mean "including without limitation" or "including but not limited to" the referenced items or information. The use of "including" in describing categories of documents should not be read to narrow any request.

20. The terms "identify" or "identity," unless otherwise defined in an interrogatory shall require you to provide:

    (a) With respect to a NATURAL PERSON, the full name, present title, present business and resident address (last known if present addresses are unknown), and business and residence telephone numbers, and the title of the last position held;

    (b) With respect to a CORPORATION, PARTNERSHIP, ASSOCIATION OR OTHER LEGAL ENTITY, its name, address, and legal form (e.g. corporation, partnership, etc.);

    (c) With respect to a DOCUMENT, its title, number, date, authors, signers, subject matter, addressee(s), addressor(s), or other designation, including, but not limited to, subject matter or general nature, person(s) receiving copies of such document, present location and custodian;

    (d) With respect to an ORAL STATEMENT OR COMMUNICATION, the maker, the recipients, when made, where made, persons present when made, mode of communication and subject matter;

    (e) With respect to an ACT, ACTION, OR ACTIVITY, its description, the identity of the person(s) participating in the act or activity, the date or approximate date on

which the act or activity was committed, and the identities of any person(s) observing the act or participating in the activity;

(f) <u>With respect to a MEETING</u>, the identities of the persons attending the meeting, the date of the meeting, the subject matter of the meeting, and the place of the meeting; and

(g) <u>With respect to a STATEMENT</u>, the person(s) making the statement, any person(s) present at the time the statement was made, the approximate date of such statement, the subject matter of the statement, and, if possible, the exact words used.

## II.   INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Plaintiff incorporates herein, the following instructions apply to each of the discovery requests set forth below, and are deemed to be incorporated in each individual Request:

1. The Documents covered by these Requests include all Documents in Your possession, custody or control.

2. These discovery requests are continuing in nature and require supplementation or amendment to include information subsequently acquired or as required by the Federal Rules of Civil Procedure.

3. If for any reason You are unable to respond to any request set forth herein, explain in detail Your inability to respond. If for any reason You are unable to respond to a part of any request but able to answer other parts of the request, respond to as much of the request as You can and explain in detail Your inability to respond to the remainder of the request.

4. If You contend that any of the information requested herein is protected or privileged, so state and set forth the protection or privilege claimed, the facts upon which You rely to support the claim of protection or privilege, and the scope of said protection or privilege, but proceed to disclose or produce all requested information for which protection or privilege is not claimed. With respect to each requested Document that is being withheld, You are hereby requested to furnish a privilege log identifying the basis for the claim of privilege or protection and a description of the Document, including:

   (a)   the title of the Document and the nature and subject matter of its contents;

   (b)   the date the Document was prepared or any date appearing on the Document;

   (c)   the number of the Document's pages, attachments and appendices; the names of the persons who authored or prepared the Document, and an identification by employment and title of each such person, and if the person is an attorney, a statement so saying;

   (d)   the names of each person to whom the Document, or a copy thereof, was sent, shown or made accessible, or to whom it was explained, together with an

      identification of each such person and entity with which they are employed or associated, and if the person is an attorney, a statement so saying;

    (e)    the number of each paragraph of these Document Requests to which the Document relates;

    (f)    the portion(s) of the Document as to which privilege is claimed; and

    (g)    the type of privilege asserted.

5. Counsel for Plaintiff is willing to discuss with You or Your counsel any questions regarding perceived ambiguities in, or claims regarding the burdens involved in or compliance with the discovery requested herein in an effort to resolve any such issues without the necessity of Court intervention. If You cannot clarify any perceived ambiguities by reference to the Definitions, contact counsel for Plaintiff for clarification.

6. You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond with the categories in these Requests. A Request shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

7. Documents shall be produced in such fashion as to identify the file, folder, department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

8. Documents attached to each other should not be separated. If any portion of any document is responsive to the document Requests, then the entire document must be produced.

9. Electronically Stored Information should be produced in the following format: As single-page TIFF images, at 300 dots-per-inch, with an iPRO LFP image load file and a Concordance delimited dataload file (*.DAT) with the following fields: BEGNO, ENDNO, BEGATTACH, ENDATTACH, PAGES, VOLUME, RECORDTYPE, SENTDATE, SENTONTIME, CREATEDATE, CREATETIME, LASTMODDATE, LASTMODTIME, RECEIVEDDATE, RECEIVEDTIME, PARENTFOLDER, AUTHOR, TO, CC, BCC, SUBJECT/TITLE (fields combined), ORIGSOURCE, CUSTODIAN, NATIVEPATH, ATTACHCOUNT, FILEEXT, FILENAME, FILETYPE, FILESIZE, APPLICATION, MD5HASH, and FULLTEXT. All spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format shall be produced in their native format (along with theTIFF images, linked using NATIVEPATH field).

10. Under no circumstances should Electronically Stored Information be converted from the form in which it is ordinarily maintained to a different form that makes it more

difficult or burdensome to use. Electronically Stored Information should not be produced in a form that removes or significantly degrades the ability to search the Electronically Stored Information by electronic means where the Electronically Stored Information is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with the Plaintiff's counsel. If You decline to search or produce Electronically Stored Information on the ground that such Electronically Stored Information is not reasonably accessible because of undue burden or cost, identify such information by category or sources and provide detailed information concerning the burden or cost You claim is associated with the search or production of such Electronically Stored Information.

11. If You have reason to believe there are e-mails created that are responsive to these Requests that have not been retained, state the name and address of the e-mail provider (*e.g.*, MSN, Yahoo!, Thunderbird, Gmail, Bloomberg, AOL, etc.) or program used by You and what efforts You have made to retrieve the requested information.

12. In the event that any document responsive to any Request was, but is no longer, in Your possession, custody or control, or has been lost, destroyed, discarded or otherwise disposed of, You shall provide sufficient information to identify the document as completely as possible and state, in writing, the details and circumstances surrounding the disposal of the document.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION 1:**

All video, audio and/or transcripts, and photographs of The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 2:**

Any and all demonstratives, speeches, presentations, including PowerPoint presentations and outlines of presentations, including drafts of same, concerning The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 3:**

Any and all Documents and Communications concerning or relating to The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 4:**

Any and all agreements, contracts, and/or memorandums of understanding between You and any of the Defendants concerning The Pit, Konnech, Eugene Yu, Konnech Computer, Konnech Data, Poll Worker Data and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 5:**

All agreements between You on the one hand, and Los Angeles County, Los Angeles District Attorney's Office, or any other government entity on the other hand, concerning or relating to The Pit, Konnech, Eugene Yu, Konnech Computer, Konnech Data, Poll Worker Data and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 6:**

All communications between You and the following, concerning or relating to The Pit, Konnech, Eugene Yu, Konnech Computer, Konnech Data, Poll Worker Data and/or this Lawsuit:

    (a)    Any of the Defendants;

    (b)    Los Angeles County;

    (c)    Los Angeles District Attorney's Office;

    (d)    Andrew Stevens;

    (e)    Marc Beaart;

    (f)    Eric Neff;

    (g)    Grant Bradley;

    (h)    Any current or former Konnech employee;

    (i)    Mike Hasson;

    (j)    OPSEC Group, LLC;

    (k)    Allegheny County;

    (l)    Farfax County;

(m) Dekalb County;

(n) Johnson County;

(o) The FBI, or any other government agency, or any agent working for the FBI or any other government agency;

(p) Harry Haury;

(q) Nate Cain;

(r) Any other government entity; and

(s) Any other person.

**RESPONSE:**

**REQUEST FOR PRODUCTION 7:**

All Documents and Communications, including but not limited to any Konnech Data, obtained during Your, Los Angeles County, Los Angeles District Attorney's Office, or any other government entity monitoring of Konnech's Computers on or after October 4, 2022.

**RESPONSE:**

**REQUEST FOR PRODUCTION 8:**

All Documents and Communications reflecting any default and/or backend user name and/or password for accessing any Konnech Computer and/or Konnech Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 9:**

All Documents and Communications reflecting all users of any Konnech Computer.

**RESPONSE:**

**REQUEST FOR PRODUCTION 10:**

All Documents and Communications reflecting any and all Konnech employee or staff credentials used to access any Konnech Computer and/or Konnech Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 11:**

All court orders and/or warrants that You contend permitted You to monitor activity on Konnech's Computers after October 4, 2022.

**RESPONSE:**

**REQUEST FOR PRODUCTION 12:**

All connection logs and audit logs which reflect any access to any Konnech Computer or server in China which housed any Konnech Data and/or Poll Worker Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 13:**

All Documents and Communications with any confidential informant concerning Konnech or Eugene Yu.

**RESPONSE:**

**REQUEST FOR PRODUCTION 14:**

All agreements with any confidential informant concerning Konnech or Eugene Yu.

**RESPONSE:**

**REQUEST FOR PRODUCTION 15:**

All documents reflecting any payments made to any confidential informant concerning Konnech or Eugene Yu.

**RESPONSE:**

**REQUEST FOR PRODUCTION 16:**

Any and all Konnech property, Konnech Computer, Konnech Data and/or Poll Worker Data in Your possession, custody or control.

**RESPONSE:**

9

**REQUEST FOR PRODUCTION 17:**

Any and all video, audio, photographs, or other media recorded at Konnech's offices and/or Eugene Yu's home.

**RESPONSE:**

**REQUEST FOR PRODUCTION 18:**

Any and all documents demonstrating Your affiliation with Harry Haury, including but not limited to documents reflecting his position as acting CEO.

**RESPONSE:**

**REQUEST FOR PRODUCTION 19:**

All Documents and Communications reflecting all Social Media account usernames, including but not limited to burner accounts, URLs and/or domain names claimed by, owned, and/or controlled by You.

**RESPONSE:**